NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 28, 2014[*]
Decided September 3, 2014

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| No. 13-3692 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ERICA M. CHRISWELL, *Plaintiff-Appellee*, | |
| *v.* | |
| JAMES O'BRIEN, *Defendant-Appellant*. | No. 11 C 547 John J. Tharp, Jr., *Judge*. |

**Order**

Officer James O'Brien pulled over Erica Chriswell's car and began the process of is-suing a ticket for failure to wear a seatbelt. O'Brien concluded that Chriswell's license to drive had been suspended. As he was attempting to arrest her, Chriswell drove off. She was soon caught and eventually pleaded guilty to aggravated battery and aggravated flight from a police officer. In this suit under 42 U.S.C. §1983, she seeks damages on the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

theory that O'Brien used excessive force before she fled. Her convictions do not fore-close this claim. See *Wallace v. Kato*, 549 U.S. 384 (2007); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). All defendants moved to dismiss the complaint; the district judge grant-ed this motion except with respect to the claims against O'Brien (and against the munic-ipality, for the purpose of indemnity only). *Chriswell v. Village of Oak Lawn*, 2013 U.S. Dist. Lexis 157334 (N.D. Ill. Nov. 4, 2013).

O'Brien has taken an interlocutory appeal to contend that he is entitled to the benefit of qualified immunity. He included this defense in his motion asking the district court to dismiss the suit against him; when denying the motion, the judge did not mention immunity. That omission raises the possibility that the judge has reserved decision on the immunity defense and, if so, the appeal would be premature. See, e.g., *Khorrami v. Rolince*, 539 F.3d 782 (7th Cir. 2008). But the judge did not purport to reserve decision, nor did he indicate a plan to return to the subject. Instead he denied O'Brien's motion outright. This means that we have jurisdiction, see *Hanes v. Zurick*, 578 F.3d 491, 493–94 (7th Cir. 2009), though we are disappointed that a district judge would deny a motion to dismiss without addressing all of the defenses it presents.

Because the appeal arises from the denial of a motion to dismiss the complaint, we have only plaintiff's allegations to go on. We lay out the gist of Chriswell's assertions while recognizing that O'Brien describes events differently. Further proceedings are needed to learn whose version is correct.

Problems began when O'Brien concluded that Chriswell's driver's license had been suspended. She claimed to have a document showing otherwise and waved it out her car's window. This attracted O'Brien's attention (he had been in his car checking on the status of her license and insurance). When he returned to Chriswell's car, he found her talking on her cell phone. She alleges that she was calling the prosecutor's office in an attempt to get the prosecutor to verify her account. O'Brien suddenly turned hostile. According to the complaint, he tried to "drag her from her vehicle" but failed because she was wearing a seatbelt; in the process he knocked the phone from her hands and "pulled on her clothing, her person and her private parts." She screamed; he became more aggressive, shaking her violently. When O'Brien began to draw his gun, Chriswell decided that she was in danger and drove away.

If this account is correct, Chriswell has a claim for relief, given the principle that an officer attempting to make a misdemeanor arrest (the most serious potential charge, driving with a suspended license, is a Class A misdemeanor in Illinois) of an unresisting person cannot use "significant" force. See *Miller v. Gonzalez*, No. 11-2906 (7th Cir. Aug. 5, 2014), slip op. 13–14; *Phillips v. Community Insurance Corp.*, 678 F.3d 513, 525 (7th

Cir. 2012). Significant force in such a situation is unreasonable under the Fourth Amendment, which has an objective standard. See *Graham v. Connor*, 490 U.S. 386 (1989).

O'Brien contends that he is nonetheless immune from liability, because he did not seize Chriswell. He maintains that, as a matter of law, there can be no liability unless the person is immediately taken into custody. That misunderstands what an excessive force claim entails. It is possible to use excessive force, and thus incur liability, even if the suspect escapes. A seizure occurs when the force is applied. See *California v. Hodari D.*, 499 U.S. 621, 624 (1991). Suppose O'Brien had shot Chriswell in the leg, and she had succeeded in driving to a hospital to save her life from what appeared to be an effort to murder her. As O'Brien sees things, he could not be liable. No decision of which we are aware supports that absurd proposition. Police are not entitled to shoot even fleeing suspects, except to end imminent danger to the public, see *Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014), and the fact that a wounded suspect continues the flight does not alter this rule. Chriswell, who was not fleeing and posed no danger to anyone when O'Brien began to use force against her, has at least as much protection as a suspect already in flight.

O'Brien also contends that no "clearly established" principle of law prevents an officer from using all the force necessary to obtain "unquestioned command over the situation" (his phrase). If that were right, however, an officer could shoot in the back an unarmed suspect fleeing on foot to avoid arrest for a non-violent misdemeanor, such as failure to pay parking tickets. The Supreme Court held otherwise in *Tennessee v. Garner*, 471 U.S. 1 (1985). It has long been clearly established that an officer's use of force is limited to what is reasonable under the circumstances; that forecloses O'Brien's contention that the officer can use as much force as he deems necessary to obtain "unquestioned command over the situation." On Chriswell's allegations, which we must accept for current purposes, no physical force at all was reasonable (O'Brien had not even asked her to get out of the car) and O'Brien's acts violated clearly established rules.

Finally, O'Brien contends that the decision of the state judiciary declining to allow Chriswell to withdraw her guilty plea entitles him to immunity. We don't see how. All the state judges held is that Chriswell had not justified withdrawal by showing that her lawyer furnished ineffective assistance. The events of which Chriswell complains preceded her decision to drive away. That Chriswell responded unlawfully to O'Brien's use of force—a proposition established by her guilty pleas—is entirely compatible with the proposition that O'Brien applied excessive force.

AFFIRMED